UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yahui Song, Ph.D.,

        Plaintiff,

v.

Regents of the University of Minnesota;
L. James Nixon, M.D.; Barbara K. Patrick, M.D.;
Sheila M. Specker, M.D.; Theodore R.
Thompson, M.D.; Kathleen V. Watson, M.D.;
and John Does 1-15,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 11-427 ADM/TNL

___

Larry A. Frost, Esq., Paladin Law, PLLC, Bloomington, MN, and Bruce Fein, Esq., Bruce Fein & Associates, Inc., Washington, D.C., on behalf of Plaintiff.

Jennifer L. Frisch, Esq., Associate General Counsel, University of Minnesota, Minneapolis, MN, on behalf of Defendants

___

## I. INTRODUCTION

On April 5, 2012, the undersigned United States District Judge heard oral argument on Defendants' Motion to Dismiss and Other Rule 37 Sanctions [Docket No. 66]. Plaintiff Yahui Song ("Song") also filed a Motion to Remove Defendants' Memorand[a] [Docket No. 83], a Motion for Permission [to] File Third Amended Complaint [Docket No. 91], and a Motion to Extend the Time for Discovery [Docket No. 95]. For the reasons set forth below, Defendants' Motion to Dismiss is granted and Plaintiff's motions are denied.

## II. BACKGROUND

Song, a United States citizen and California resident, attended the University of Minnesota Medical School ("Medical School") between August 2005 and the fall semester of 2009. 2d Am. Compl. [Docket No. 25] ¶¶ 1(c), 4, 7. The Regents of the University of Minnesota operated the Medical School, and the individually named defendants were faculty and administrators there. Id. ¶¶ 5–6. After an August 14, 2008 meeting with the Medical School's Committee on Student Scholastic Standing ("COSSS"), Song's class registration was cancelled, she was required to "shadow a hospitalist" for six weeks, and she was prohibited from registering for third-year courses. Id. ¶¶ 31–32. Song resumed classes in November 2008. Id. ¶ 44. In April 2009, Song was notified she had failed a course, and on May 27, 2009, she was placed on mandatory "immediate medical leave" for her to undergo "thorough physical and psychiatric evaluations." Id. ¶¶ 52, 76. Song's medical leave ended in July 2009. Song Decl. [Docket No. 20] ("First Song Decl.") ¶ 3.

Song was placed on indefinite suspension on August 13, 2009. 2d Am. Compl. ¶¶ 98, 100. Song, represented by Attorney Greg Corwin, requested permission to re-take the medical course she had failed at an August 20, 2009 COSSS Meeting. Shiels Aff. [Docket No. 77] ¶ 2. Song later failed another course and was required to again appear before COSSS to discuss her dismissal from medical school on October 26, 2009. Id. ¶ 3. Three days before the hearing, Song retained new counsel, Douglas Elsass, and requested more time to prepare. Id. ¶ 4. The morning of the rescheduled hearing — November 17, 2009 — Song offered to draft a negotiation agreement with the University of Minnesota allowing her to withdraw rather than be dismissed from medical school, and the hearing was therefore continued. Id. ¶ 5. When no such

agreement was produced, the dismissal hearing was rescheduled for January 21, 2010.  Id. ¶ 6.  Days before this hearing, Song retained new counsel, Mark Frost, and requested another continuance.  Id. ¶ 7.  The third-rescheduled hearing was held on February 18, 2010, and the Medical School notified Song in March 2010 that she was dismissed due to failing grades.  Id. ¶ 8; see 2d Am. Compl. ¶¶ 114–15, 118.

On February 18, 2011, Song commenced this action.  Compl. [Docket No. 1].  The Court issued a Pretrial Scheduling Order on August 10, 2011, requiring pre-discovery disclosures by October 1, 2011, and discovery to be completed by May 1, 2012.  Pretrial Scheduling Order [Docket No. 16] at 1.  On September 16, 2011, Defendants served interrogatories and document requests on Song, who supplied written responses but no requested documents on October 24, 2011.  2d Frisch Aff. [Docket No 46] ¶¶ 2, 4.  Song filed her Second Amended Complaint on September 20, 2011.  On October 28, 2011, Defendants requested supplementation of discovery responses, more disclosure, and document production.  2d Frisch Aff. ¶ 5.  On November 8, 2011, Song responded that she was "unable to respond" to the discovery request but that she planned to do so in three to four weeks.  Id. ¶ 6.  Defendants repeatedly telephoned and then wrote a letter to Song's then-counsel Richard Wylie to set a firm deadline for the discovery responses.  Id. ¶¶ 7–8.  Song failed to respond to these requests.  Id. ¶ 9.  On November 16, 2011, Defendants' counsel met with Song's counsel, who stated that he had "no authority" to respond to Defendants' discovery requests.  Defendants then filed a Motion to Compel Discovery [Docket No. 42].  2d Frisch Aff. ¶ 13.  The motion hearing was held before Magistrate Judge Tony N. Leung on December 8, 2011.

On January 30, 2012, Judge Leung's Order granted in part and denied in part Defendants' Motion to Compel Discovery. Specifically, the Order required Song to provide complete responses to six interrogatory responses and seven document requests by February 15, 2012. Jan. 30, 2012 Order [Docket No. 56] at 10. The Order stated that "While the interests of justice forestall awarding attorney fees, costs, and disbursements on the present motion, **Plaintiff is hereby specifically placed on notice that any future failure to comply with an applicable rule, law, or order of the Court, may not be greeted with further leniency**." Id. at 9–10 (emphasis in original). The Order also stated that:

> Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party . . . to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Id. at 10–11.

On February 15, 2012, Song's then-counsel Richard Wylie filed a Motion to Withdraw [Docket No. 59], stating that Song had emailed him that she "would like to have someone else to represent [her] . . . . would you please resign?" Mem. in Support of Mot. to Withdraw [Docket No. 63] 2. Song's present counsel then filed scant supplemental interrogatory responses, including responses that stated more students' names and more documents "will be provided after reviewing thousands of documents provided by the defendants." See 3d Frisch Aff. [Docket No. 69] Ex. 3 at 1, 2, 8. Additionally, Song failed to supplement some responses at all,

stating that she "reiterates her response to this request dated on 11/23/11" and referring Defendants to other previously filed responses. Id. at 4, 7.

On February 17, 2012, Song's present counsel notified Defendants that they intended to "seek a protective order" or provide "a genuine, detailed objection to the specific question" or request. 4th Frisch Aff. [Docket No. 76] ¶¶ 5–6; see also 4th Frisch Aff. Ex. 4. This intent was repeated on February 22, 2012. 4th Frisch Aff. ¶ 7. On February 29, 2012, Song's counsel stated that supplemental discovery would be forthcoming. Id. ¶ 12; 4th Frisch Aff. Ex. 10. On March 6, 2012, Song's counsel appeared at Defendants' office to deliver a privilege log and ten compact discs with discovery responses, stating that these constituted "Plaintiff's entire file." 4th Frisch Aff. ¶ 13. Song's counsel stated that about 7,000 pages of hard-copy files were still being reviewed and, although largely redundant of the electronic documents delivered, would be forthcoming. 4th Frisch Aff. Ex. 12. The discs delivered to Defendants included the following: (1) sound recordings of dismissal hearings and the December 8, 2011 motion to compel hearing; (2) blank discs; (3) Defendant-produced discovery documents; (4) pleadings from this case; (5) law firm template letterhead and a due process guide; and (6) several new audio recordings, unreadable files, empty folders, and multiple duplicates of documents. See 4th Frisch Aff. Ex. 13. Defendants notified Song's counsel of the discovery deficiencies by letter on March 12, 2012. Id. On March 17, 2012, Song responded to Defendants' Notice of Taking Deposition, see 4th Frisch Aff. Ex. 14, stating that she could not appear at her deposition on March 27 or 28, 2012, see 4th Frisch Aff. Ex. 15.

On March 20, 2012, five days after the deadline for filing responsive memoranda and without previously requesting leave for an untimely filing, Song filed a Memorandum in

Opposition to the Motion to Dismiss [Docket No. 78], which this Court struck as untimely.  See Mar. 23, 2012 Order [Docket No. 82].  On April 1, 2012, Song filed a Motion to Remove Defendants' Memorandum of Law in Support of Dismissal [Docket No. 83].  On April 2, 2012, Song filed a Motion for Permission [to] File Third Amended Complaint [Docket No. 91] and a Motion to Extend the Time for Discovery [Docket No. 95].

### III.  DISCUSSION

**A.     Standard of Review**

Federal Rule of Civil Procedure 37 presents a panoply of authorized sanctions a district court may impose when a party disobeys a court discovery order.  Under Rule 37, the district court may "dismiss[] the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  For Rule 37 sanctions to be imposed, there must be: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.  Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999).  Prejudice is found when the discovery failures impair the opposing party's ability to determine the factual merits of a party's claim.  Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 559 (8th Cir. 1992).  While a dismissal with prejudice is a "drastic and extremely harsh sanction," Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985), dismissal is warranted when a party's conduct was "in bad faith or deliberately intentional or willful," Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) (per curiam), or when there is "a clear record of delay or contumacious conduct by the plaintiff," Garland v. Peebles, 1 F.3d 683, 686 (8th Cir. 2003) (citation omitted).  Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but [also] to deter those who might be tempted to such conduct in the absence of such a deterrent."

Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).  "[A] party is responsible for the actions and conduct of [her] counsel and . . ., under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions."  Denton v. Mr. Swiss of Mo., Inc., 564 F.2d 236, 241 (8th Cir. 1977).

**B.      Analysis**

Defendants argue that Song willfully violated this Court's January 30, 2012 Order and that this violation prejudiced them in their defense.  Plaintiff Song contends that while a valid discovery order exists, she did not willfully violate that order and that her violation did not prejudice Defendants.  These will be analyzed in turn below.

**1. Willful Violation of Court Order**

Song has willfully violated Judge Leung's January 30, 2012 Order by failing to meet deadlines and by providing insufficient discovery.  Moreover, Song is responsible for her counsel's actions and conduct, and she is in control of the information and documents Defendants seek in discovery.

The January 30, 2012 Order clearly alerted Song that continued discovery failures would be sanctioned, including dismissal of her Complaint. Jan. 30, 2012 Order at 9–10 ("**Plaintiff is hereby specifically placed on notice that any future failure to comply with an applicable rule, law, or order of the Court, may not be greeted with further leniency**.") (emphasis in original).  That Order specifically required Song to answer Interrogatory Nos. 8, 10, 12, 13, 14, and 19 by February 15, 2012.  Id. at 10.  The Order stated that these interrogatories sought relevant information and were "reasonably calculated to lead to the discovery of admissible

evidence." Id. (quoting Fed. R. Civ. P. 26(b)(1)). Furthermore, the Order explicitly noted that Song's responses to all but Interrogatory No. 10 were incomplete. Id. at 6. For example, the Order highlighted that Song failed to provide any identifying characteristics of similarly situated students, as required for Interrogatory No. 13, and she failed to supplement her response that she used the disbursed student loan money for non-tuition personal living expenses and a flight to Beijing. Id. Regarding the documents requested, Judge Leung found that Request Nos. 1, 4, 6, 8, 10, 20, and 25 all requested relevant information. Id. at 7–9.[1] Although Song contended that Defendants already had some of the information and documents requested, Judge Leung found that her refusal to meet and confer with Defendants was the reason those documents had not been identified to Defendants and therefore required their disclosure. Id. at 9.

Faced with this Order compelling discovery, Song missed the February 15, 2012 deadline. Inexplicably, Song failed to provide a reason for missing the deadline or to ask for an extension.[2] Moreover, the untimely documents and supplemental responses she eventually submitted were woefully deficient and unresponsive. In response to Request Nos. 1 and 10, Song wrote that Defendants already had access to relevant documents but that "More documents

---

[1] Even though the conclusion section of the January 30, 2012 Order does not list Request No. 10 as being required disclosure, the body of the Order specifically states that it is required. Moreover, Plaintiff's counsel recognized this scrivener's error and assumed Plaintiff needed to comply with Request No. 10 as well. See 4th Frisch Aff. Ex. 8 ("We are assuming that it is a scrivener's error and will assume we are to comply with respect to RFP #10.").

[2] Similarly, Song untimely filed her Memorandum in Opposition to the Motion to Dismiss, without notifying or seeking an extension from the Court prior to the deadline. See Mar. 23, 2012 Order [Docket No. 82] 2 ("However, Plaintiff failed to request leave of this Court to untimely file her reply memorandum until after the passing of that deadline. Rather, five days after the deadline passed Plaintiff requested leave to untimely file a memorandum, and she did it simultaneously with the submission of her Reply Memorandum.").

will be provided" after she reviewed thousands of pages of Defendants' documents. 3d Frisch Aff. Ex. 3 at 1–2. To Request No. 25, Song "reiterates her response to this request dated on 11/23/11," even though Judge Leung's January 30, 2012 Order expressly found this response inadequate. Id. at 4. Song failed to respond at all to Request Nos. 4, 6, and 8.

As for her supplemental interrogatory responses, Song's response was also disingenuous. Regarding Interrogatory Nos. 10, 12, and 13, Song directed Defendants to a response filed on December 5, 2011, almost two months before Judge Leung found that answer insufficient. Id. at 7. To Interrogatory No. 19, Song's supplement to her response was that she had searched her personal laptop computer, that this device was either located in China or the United States, and that she had used search terms such as "University of Minnesota, medical student handbook LCME, DOE, individual's (sic) name of defendants such as Thompson, Watson, Specker, etc., neurology, and so on." Id. at 9. Song did not supplement her Interrogatory Response to No. 14.

Moreover, Song's delivery of ten discs of information on March 6, 2012 — twenty days after the deadline set by this Court's January 30, 2012 Order — included largely redundant material unresponsive to Defendants' discovery requests. Song has notably failed to produce a privilege log, a complete set of her clinical rotation evaluations, copies of all her secretly recorded audio files, complete and un-redacted versions of requested documents,[3] or copies of

---

[3] For example, in the emails she has produced in discovery, Song has redacted the names and email addresses of students with whom she has communicated regarding her claims. 4th Frisch Aff. Ex. 25. In another instance, Song redacted her financial records to remove identifying account information. Id. Ex. 26. Further, Song has produced only portions of several documents without providing any explanation for the exclusion. For instance, Song provided Defendants with pages 65-81 of a document she prepared, but neglected to include pages 1-64. See id. Ex. 27.

her relevant emails,[4] as well as relevant documents from the 7,000 pages of material she admits is in her possession. See Defs.' Supplemental Mem. [Docket No. 75] 13.

Song's counsel argued at the hearing that while Song's conduct may deserve some Rule 37 sanction, the dismissal of her claim is overly harsh. On the contrary, flagrant discovery abuses like Song's have regularly resulted in dismissal of a plaintiff's claims. In Fox v. Studebaker-Worthington, Inc., 516 F.2d 989 (8th Cir. 1975), a dismissal sanction was upheld where plaintiffs' failure to timely answer various interrogatories was willful or in bad faith. Id. at 993. The Eighth Circuit has often found willful refusal to respond to interrogatories to be grounds for dismissal. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1211 (8th Cir. 1973) (upholding dismissal where a plaintiff's "refusal to answer could do no more than work an extreme injustice on [Defendant] by requiring [them] to defend against a [claim] . . . without benefit of this discovery procedure"); Denton, 564 F.2d at 240 (finding dismissal proper where a party has willfully failed to answer interrogatories, making it impossible to determine the factual merits of the plaintiff's claim). Additionally, repeated refusals to comply with discovery rules and court orders has been found to constitute conduct worthy of the sanction of dismissal. See Nat'l Hockey League, 427 U.S. at 640–41 (finding dismissal appropriate where plaintiffs' "flagrant bad faith" and "callous disregard" of their responsibilities were exemplified by eleventh-hour interrogatory responses, refusal to comply with discovery orders, and failure to timely file motions for extensions until after the deadline). Song's refusal to provide sufficient interrogatory responses and requested documents, as well as her disregard for court-imposed

---

[4] At the April 5, 2012 motion hearing, Song's counsel was unable to explain why her emails had not been searched and produced.

deadlines and her failure to timely request discovery extensions, fall well within the bounds of behavior warranting dismissal.

In seeking to justify her continued discovery deficiencies, Song's counsel argues that they have been working diligently to comply with the January 30, 2012 Order since their recent retention. Be that as it may, Song's counsel failed to engage in meaningful negotiations with Defendants, failed to substantially comply with the discovery order, and failed to timely communicate these issues to the Court. Moreover, Song's argument that a change in counsel excuses her discovery failures is unconvincing, as here the plaintiff has engaged in a systematic strategy of substituting counsel on the eve of impending deadlines and important hearings. Since the beginning of Song's conflict with the University, she has engaged five different legal counsel, three of whom she terminated on the eve of a hearing or deadline. The law does not allow a party to end-run the rules of civil procedure or a court's orders by selectively timing decisions to coincide with and frustrate the court's calendar and an opposing party's defense. See, e.g., Fisher v. Henderson, 105 F.R.D. 515, 518 (N.D. Tex. 1985) (citations omitted) ("While a change in counsel may temporarily disrupt or delay litigation, it cannot be used as a shield or excuse for overlooking legitimate discovery requests.").[5] Any hardship and claimed inability by

---

[5] Not only can Song not blame her discovery failures on her substitution of counsel, but she is also presumed responsible for the actions and inactions of her counsel. See Boogaerts, 961 F.2d at 768; see also Ford v. City of Cape Girardeau, 26 F.3d 126, 1994 WL 263204, at *1 (8th Cir. June 16, 1994) ("Although [plaintiff's] counsel appears to bear much of the responsibility for the failure to respond to interrogatories, orders, and motions, [plaintiff] is bound by the actions of his counsel."). Importantly, the information requested by Defendants — emails, conversations Song recorded, search terms Song used, health and financial records, documents she has collected, individuals she has contacted — are all peculiarly within her possession. See, e.g., Everyday Learning Corp. v. Larson, 242 F.3d 815, 817 n.2 (8th Cir. 2001) ("Many of the abuses involved discovery in which [the plaintiff] was required to participate personally . . . [t]hus her averral that she knew nothing about the lengthy sanctions dispute was

Song to respond to the discovery request "is not credible given the level of detail and length of Song's complaints, which suggest that Song has previously located and compiled much of the information requested by Defendants." Jan. 30, 2012 Order at 5. Song cannot complain of a situation she has herself created. Song, a medical student, is an intelligent person who clearly has the ability to understand the requirements of the civil discovery process. For the aforementioned reasons, inclusive but not exhaustive of Song's discovery failures and contumacious behavior, the Court finds that Song willfully violated its January 30, 2012 Order.

### 2. Prejudice to Defendants

Song's willful violation of this Court's January 30, 2012 Order directly prejudices Defendants and warrants dismissal of her claims. Here, Song's willful discovery failures impair Defendants' ability to determine the factual merits of her serious claims. See Avionic Co., 957 F.2d at 559. Although Song filed her Complaint more than a year ago on February 18, 2011, Defendants still have not been able to depose her, have received insufficient interrogatory responses, and are lacking the most basic production of key documents. In that time, Defendants have repeatedly requested these discovery items, have sought to meet and confer multiple times, and have delayed filing discovery motions to give Song the opportunity to correct discovery deficiencies. Since the entry of the January 30, 2012 Order, more than two months have passed in which Song has utterly failed to rectify her delinquent discovery responses. During this time, however, she has sought new counsel, has filed three motions, and has been engaged in

---

hardly credible."). Additionally, the record reflects that the discovery failures prior to Song's retention of present counsel are also her responsibility. See, e.g., 2d Frisch Aff. ¶ 13 ("Mr. Wylie informed [Defendants] that he had 'no authority' to respond to any of the University's [discovery] requests.").

voluminous correspondence with Defendants assuring them that she is working to fulfill her discovery obligations. This behavior exhibits that Song has persisted in her dilatory tactics rather than seeking to obey this Court's Order or to engage in good faith negotiations with Defendants. As such, Defendants are understandably largely at a loss as to Plaintiff's theory of the case, Plaintiff's proof, Plaintiff's intended witnesses, Plaintiff's documentary exhibits, and Plaintiff's answers to key substantive questions. With the May 1, 2012 discovery deadline rapidly approaching, Song has continued to obfuscate the facts and evade Defendants' legitimate attempts to acquire the evidence necessary for them to effectively mount a defense. Plaintiff has intentionally and systematically avoided her discovery obligations for the nearly eight months since the Pretrial Scheduling Order was issued. Song's sprawling twelve state and federal claims alleged in her Second Amended Complaint require meaningful discovery. Were there any indication that Plaintiff was willing to engage in good faith reciprocal discovery, the sanction of dismissal would not be imposed by this Court. The pattern here is to the contrary. Song has manipulated discovery in a blatant attempt to muster the facts to support her claim without disclosing why she brought this Complaint. Because Song's willful flouting of this Court's discovery order has prejudiced Defendants, the severe sanction of dismissal of her claims is warranted.

### C.     Plaintiff's Remaining Motions

Song's remaining motions — Motion to Remove Defendants' Memorand[a], Motion for Permission [to] File Third Amended Complaint,  and Motion to Extend the Time for Discovery — are all denied as moot.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants' Motion to Dismiss and Other Rule 37 Sanctions [Docket No. 66] is **GRANTED**;

2.  Plaintiff's Motion to Remove Defendants' Memorand[a] [Docket No. 83], Motion for Permission [to] File Third Amended Complaint [Docket No. 91], and Motion to Extend the Time for Discovery [Docket No. 95] are all **DENIED** as moot; and

3.  Plaintiff's Second Amended Complaint [Docket No. 25] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

                                                            BY THE COURT:


                                                                  s/Ann D. Montgomery
                                                            ANN D. MONTGOMERY
                                                            U.S. DISTRICT JUDGE

Dated:  April 26, 2012.